**SATAVA, n.k.a. Boulton, Appellant,**

**v.**

**GERHARD, Appellee.**

[Cite as *Satava v. Gerhard* (1990), 66 Ohio App.3d 598.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–025.

Decided June 4, 1990.

*Steven C. LaTourette,* Prosecuting Attorney, and *Arline Zehe,* for appellant.

*John R. Ryan,* for appellee.

Ford, Judge.

On November 18, 1980, appellee, James Gerhard, appeared before the Juvenile Division of the Lake County Court of Common Pleas and acknowledged that he was the father of the minor child, Justin Savata. Judge Hoose ordered that appellee pay child support, maternity expenses, and back support to appellant, Debra Savata, n.k.a. Boulton.

Appellee subsequently moved out of Ohio, and on April 22, 1986, a URESA action was filed in a Palm Beach County, Florida court to enforce appellee's obligation through that state. He later relocated to Clearfield County, Pennsylvania, and the URESA action was transferred to that jurisdiction.

The Lake County Clerk of Courts received a letter and motion from John J. Ryan, appellee's attorney. (However, Ryan is not licensed to practice in Ohio, nor was he granted leave to appear before the trial court.) Appellee peti-

tioned the trial court to transfer the support action from Lake County to the Court of Common Pleas of Clearfield County, Pennsylvania. In support of the petition to transfer, appellee indicated that he was on dialysis and that "it would cause him great inconvenience and physical hardship to appear before" the Lake County court for a modification of the then-existing support order.

Appellee's attorney apparently mailed a copy of the letter and petition to the Lake County Child Support Enforcement Agency. The petition does not contain a certificate of service, nor does the record disclose that any other interested party received a copy, let alone was served with the petition.

On September 14, 1988, the trial court judge granted the transfer "to allow James Gerhard to appear and be heard on a Request for Modification of the current Order for Support * * * [because] it would be in the best interest of [appellee] to transfer the said support action to the Court of Common Pleas of Clearfield County Pennsylvania * * *." This hearing was conducted *ex parte*, and nothing in the record indicates appellant was mailed notice of this action.

On October 26, 1988, the Lake County Clerk's Office filed the notice of acceptance of the transfer by the Clearfield County Court. Then, on November 1, 1988, the clerk's office received an "order" from Clearfield County directing appellant to appear at a support modification proceeding in Pennsylvania. This notice was sent by the Lake County Clerk's Office via certified mail to appellant on November 2, 1988.

On November 17, 1988, the prosecutor's office, representing appellant, filed a motion to vacate the September 14, 1988 entry. Appellee's attorney filed a "Memorandum in Response" to the motion. Again, without holding a hearing, the trial court summarily rejected the motion on January 20, 1989. Appellant timely appealed, raising the following assignments of error:

"1. The trial court erred in overruling appellant's motion to vacate the judgment transferring the case to another state.

"2. The trial court erred in transferring the within cause to a Pennsylvania forum.

"3. The trial court erred to the prejudice of appellant in ruling upon a motion filed by an attorney not properly licensed to practice law in the state of Ohio."

This court, on May 30, 1989, granted appellee's counsel special leave to appear in this action.

Initially, it should be noted that the trial court did not have personal jurisdiction over appellant to proceed in this action. The record indicates, and appellee's counsel concedes, that service of process of the modification motion was not made upon appellant pursuant to Civ.R. 75(I).

■ Further, there is a significant question as to the trial court's authority, statutory or otherwise, to grant the transfer. R.C. 3109.25 provides for transfers of custody matters based upon forum inconvenience, but it applies *exclusively* to custody matters. The criteria for transferring a custody modification proceeding pursuant to R.C. 3109.25 include: a new home state for the child; a new state having a closer connection to the proceedings; the readier availability of evidence in the new state; or the agreement of the parties to the transfer. However, when making such a determination, the court still must decide if the transfer is in the best interest of the child. R.C. 3109.25(C). However, this court does not believe this statutory provision provides a basis upon which a trial court may transfer a support modification proceeding.

On appeal, appellant raises three assignments of error predicated upon the trial court's denial of her motion to vacate. However, we do not reach the merits of appellant's contentions since the judgment of the trial court transferring the case is void.

■ Before judgment can be entered against a party, the trial court must be vested with both personal and subject matter jurisdiction. For a court to obtain personal jurisdiction over a person, the party must have made an appearance before the court or process must have been served upon him. This court has recently held that failure to comply with Civ.R. 75(I) service requirements precludes the trial court from exercising jurisdiction in an action for modification of child support. *Borland v. Borland* (Mar. 16, 1990), Trumbull App. No. 89-T-4211, unreported, 1990 WL 28677. If a court nonetheless acts and judgment is rendered, it is a nullity and void *ab initio*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

Under such a scenario, the complaining party may challenge the judgment by any number of methods which may include either a direct challenge or an appeal of a final appealable order.

The first is to file the motion to vacate. However, such an attack need not be based upon a motion pursuant to Civ.R. 60(B), but rather is "an inherent power possessed by Ohio courts." *Patton, supra,* at paragraph four of the syllabus. If that alternative fails or is unattractive, the judgment may be appealed directly by way of an appeal.

" * * * It is obvious that if a court did not have jurisdiction that a judgment rendered when jurisdiction was not present is void. Any court has inherent power to vacate a void judgment without the vacation being subject to a time limitation. The vacation of a void judgment might be brought in the form of a motion or perhaps in the form of a procedural device such as a declaratory judgment action." Staff Notes to Civ.R. 60(B).

Therefore, in this case, we conclude that the trial court was not vested with personal jurisdiction over the appellant. As such, the judgment transferring jurisdiction is void *ab initio*.

For the foregoing reasons, the judgment of the trial court is void, and this cause is reversed and remanded.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.