This is an appeal from a judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division (Trumbull County). Appellant, Sheryl Nelson (n/k/a Sheryl Alderdice) appeals a judgment entry vacating the trial court's order certifying jurisdiction in this case to the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch (Franklin County, Ohio). This is the second time we are reviewing this case on appeal. See Nelson v. Szykulski (Dec. 5, 1997), Trumbull App. No. 97-T-0042, unreported.
Ms. Nelson and appellee, Thomas Szykulski, were divorced on June 28, 1991. The trial court awarded custody of their two children to Ms. Nelson and ordered Mr. Szykulski to pay $545 per month in child support.
On August 18, 1994, Ms. Nelson, who had subsequently remarried and moved to Columbus, Ohio, filed a motion to change custody jurisdiction to Franklin County. Ms. Nelson served the motion on Mr. Szykulski by ordinary U.S. mail. Since Mr. Szykulski did not object or otherwise respond to the motion, the trial court transferred custody to Franklin County, without a hearing, on September 19, 1994. In its judgment entry, approved only by Ms. Nelson's attorney, the trial court noted that the motion to transfer jurisdiction was properly served on Mr. Szykulski.
On January 17, 1996, Trumbull County relinquished all jurisdiction in this matter and certified it to Franklin County, pursuant to an application from the court in Franklin County. On January 19, 1996, Mr. Szykulski filed a motion to vacate the certification to Franklin County.
In his motion to vacate, Mr. Szykulski claimed that the court in Trumbull County never had jurisdiction to transfer the case to Franklin County because he had not been properly served with the motion to transfer under Civ.R. 4 to 4.6, as required by Civ. R. 75(I) for motions invoking a domestic relations court's continuing jurisdiction. Ms. Nelson responded with a brief in opposition claiming that: the motion did not state under which rule the motion was brought; if it had been brought under Civ.R. 60(B), it had not met the requirements of a Civ.R. 60(B) motion; Mr. Szykulski never stated that he did not receive notice of the motion, just that he never received it by certified mail; and, there was never any hearing on the motion. Her brief in opposition did not argue that his motion to vacate was improperly served on her.
Before the trial court ruled on Mr. Szykulski's motion to vacate, Ms. Nelson appealed to this court, contesting a subsequent order decreasing child support. In her appeal, Ms. Nelson claimed that Trumbull County was without jurisdiction to decrease child support and that the court abused its discretion in doing so. Before ruling on her first appeal, we remanded the case to the trial court for a ruling on Mr. Szykulski's motion to vacate the certification to Franklin County.
The trial court held a hearing on October 24, 1997 and granted Mr. Szykulski's motion to vacate, on October 29, 1997. At the hearing, Ms. Nelson's attorney raised objections to Mr. Szykulski's motion based on improper service, then argued the merits before the court. The trial court vacated its previous certification to Franklin County. In its judgment order, the court found that because Ms. Nelson had not complied with Civ.R. 75(I) when serving her motion to transfer jurisdiction, the court did not have jurisdiction over Mr. Szykulski and the certification was void ab initio. In its order, the court wrote, in bold face: "The record is very clear that NO summons was issued by the Clerk and the record is devoid of any praecipe by Plaintiff's counsel to serve Defendant with summons, a copy of the motion, or notice of hearing."
On December 5, 1997, this court reversed the decision of the trial court to modify child support and remanded the case for further proceedings. In our decision, we ruled that Trumbull County had jurisdiction to decrease Ms. Nelson's child support, but that it had done so improperly. With respect to Trumbull County's jurisdiction to decrease child support, we noted:
 "[trial court] granted appellee's motion to vacate the certification on October 29, 1997 based on lack of proper service and lack of notice. Thus, the certification is void ab initio, pursuant to Civ. R. 75(I), and the Trumbull County Court of Common Pleas possessed jurisdiction to consider appellee's motion to decrease child support." Nelson at 4.
Ms. Nelson now appeals the trial court's decision to vacate the certification to Franklin County and raises the following two assignments errors:
 "[1.] The trial court abused its discretion and acted contrary to law in vacating its entry certifying the matter to Franklin County Juvenile Court on the grounds that appellee was not served with a copy of the motion to certify the matter by certified mail."
 "[2.] The trial court lacked jurisdiction to rule on the motion to vacate as proper service in accordance with Civ. R. 75(I) was not perfected upon appellant by appellee."
In her first assignment of error, Ms. Nelson contends that the trial court's order to transfer the case was not voidab initio. She alleges that even though Mr. Szykulski was not served by certified mail, he may still have had notice of the motion and that so long as Mr. Szykulski had some notice of the motion, she did not have to comply with the service requirements in Civ.R. 75(I). She supports this argument by claiming that, in his testimony at the hearing on the motion, Mr. Szykulski indicated that he was not sure if he had received a copy of the motion by regular mail.
In order to render a judgment against a defendant, a court must have personal jurisdiction over the defendant. Maryhew v.Yova (1984), 11 Ohio St.3d 154, 156. Personal jurisdiction may be acquired by service of process, voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. Id. Civ.R. 75(I) clearly states that, when invoking the continuing jurisdiction of the court, service is to be obtained by the methods spelled out in Civ.R. 4 through 4.6. Stokes v.Meimaris (Dec. 17, 1993) Trumbull App. No. 91-T-4606, unreported, citing Cooper v. Cooper (1983), 10 Ohio App.3d 143. Where a party fails to meet the requirements of service of process under Civ.R. 75(I) for a motion attempting to invoke the continuing jurisdiction of the trial court, the court is without personal jurisdiction to consider the motion. Hansen v.Hansen (1985), 21 Ohio App.3d 216.
Ms. Nelson does not dispute that she failed to perfect service by certified mail under Civ.R. 4.1. She, instead, argues that since Mr. Szykulski could not conclusively say that he did not receive a copy of the motion by ordinary mail, she had satisfied her requirements for notice and service. While Civ.R. 4.6(D) permits service by ordinary mail after service by certified mail has been returned unclaimed, there is no provision in Civ.R. 4.1 that provides for the initial attempt of service through ordinary mail. Marsh v. Vigluicci (Mar. 20, 1998), Portage App. No. 97-P-0076, unreported. Further, even if Mr. Szykulski had actual notice of the filing of the motion to transfer, this does not dispense with the necessity of service.Maryhew at 157.
Ms. Nelson further argues that even if she failed to meet the requirements of Civ. R. 75(I), the trial court could still have transferred the case on its own motion. She cites numerous cases that uphold decisions of various trial courts transferring cases on their own motions. While, it may be allowable for a trial court to transfer a case on its own motion, the trial court did not do so in the case at bar. Nothing Ms. Nelson cites requires the trial court to transfer the case on its own. In fact, to do so in a case, such as this, affecting so fundamental a right as a parent-child relationship, would be highly instrusive and extremely unfair to Mr. Szykulski. For the foregoing reasons, Ms. Nelson's first assignment of error is without merit.
In her second assignment, Ms. Nelson contends that the trial court lacked jurisdiction to rule on the motion to vacate, due to lack of service on herself by appellee as required by Civ.R. 75(I). She also argues that the trial court erred in granting the motion to vacate under Civ.R. 60(B), since Mr. Szykulski did not establish the necessary grounds to vacate a judgment. A party invokes the continuing jurisdiction of the court when it seeks to alter, amend, or modify the court's earlier judgment in a way that changes the rights of the parties from those they were entitled to under the original judgment.Elliot v. Elliot (Nov. 24, 1989), Ashtabula App. Nos. 88-A-1403 and 88-A-1404, unreported. In his motion to vacate, Mr. Szykulski was merely responding to Ms. Nelson's attempt to alter his rights. He, therefore, did not need to comply with the service procedures set forth in Civ.R. 75(I) and could perfect service by sending the motion to opposing counsel as he did.
Further, Ms. Nelson should have raised the issue of insuffiency of service as to herself in her response to Ms. Szykulski's motion to vacate, through a motion or in a responsive pleading, under Civ.R. 12(B). Ms. Nelson failed to assert any such defenses, in a responsive pleading, thus waiving the defenses available under Civ. R. 12(H)(1). SeeSales v. Fulton (Sept. 30, 1987), Trumbull App. No. 3704, unreported and Sanborn v. Dean (Mar. 31, 1993), Geauga App. No. 92-G-1691, unreported.
Ms. Nelson's attorney appeared at an oral hearing on the motion and raised an objection to service at the beginning of the hearing. However, merely raising the objection, without requesting a continuance or leave of court, was insufficient to preserve the issue on appeal. See Rapposelli v. Garthoff (June 24, 1988), Lake App. No. 12-179, unreported (By proceeding to argue the merits of the motion at this point, she voluntarily waived service and submitted herself to the court's jurisdiction). Maryhew at 156.
Ms. Nelson also alleges that the trial court erred in granting the motion to vacate because the motion did not comply with the requirements for a Civ. R. 60(B) motion as set forth in GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146. As previously noted, the certification was voidab initio. Any court has the inherent power to vacate a void judgment on its own motion; such a vacation need not be based upon a motion pursuant to Civ.R. 60(B). Satava v. Gerhard
(1990), 66 Ohio App.3d 598, 601. Ms. Nelson's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 --------------------- JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.