This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Robert Rose, appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm.
 I.
Mr. Rose and Geraldine Rose, appellee, were married on April 6, 1984 in Medina County, Ohio. On February 18, 1999, Ms. Rose filed a complaint for divorce in the Medina County Court of Common Pleas, Domestic Relations Division. Mr. Rose was served with the complaint, as evidenced by the fact that he signed the return receipt for certified mail. Mr. Rose retained counsel, who filed an answer on his behalf. From the record before this court, it appears that, in early November 1999, a hearing was held and testimony taken. Mr. Rose was apparently not present but was represented by counsel at the hearing. Subsequently, on November 19, 1999, the parties filed joint stipulations and "consent[ed] to the court entering judgment on this matter based upon the
stipulations and the testimony presented in court on November 3, 1999." At the end of the stipulations, "the parties respectfully request[ed that] the court consider the stipulations of fact as well as the testimony in court and issue judgment granting plaintiff a divorce from defendant and establishing the rights and responsibilities between the parties including but not limited to spousal support." (Emphasis added.)
At the time of the divorce proceedings, Mr. Rose was incarcerated due to a criminal charge that arose from an act involving Ms. Rose's minor child as a victim. While incarcerated, Mr. Rose continued to receive pension benefits from Ford Motor Company in a net amount of $1,358.18 per month. Ms. Rose's daughter receives a portion of Mr. Rose's pension benefits each month as part of the settlement of her civil claim against Mr. Rose.
On January 5, 2000, the trial court entered a final decree of divorce. Regarding spousal support, the trial court ordered:
 If the Plaintiff so elects, effective January 1, 2000, and subject to the continuing jurisdiction of this Court, the Defendant shall pay to the Plaintiff spousal support in the sum of $500.00 per month, said award to terminate upon the Plaintiff's death, remarriage or cohabitation, or 204 months, whichever occurs first. If the Plaintiff does not elect to receive the above spousal support award, she shall receive one-half of the unencumbered marital portion of the Defendant's Ford Motor Company pension, by a Qualified Domestic Relations Order.
It appears that Ms. Rose did not elect the spousal support award. In a judgment entry journalized on June 30, 2000, the trial court ordered that Ms. Rose receive one-half of the unencumbered marital portion of Mr. Rose's pension by a Qualified Domestic Relations Order ("QDRO") and ordered Ms. Rose to prepare and file an appropriate QDRO with the court. On April 5, 2001, the trial court signed and journalized the QDRO. This appeal followed.
 II.
Mr. Rose asserts two assignments of error. We will discuss each in turn.
 A.
First Assignment of Error
 The trial court erred in ruling that Appellant must pay alimony to the Appellee when the trial court failed to ensure itself that it had jurisdiction over this case when the Appellee never p[er]fected service of the pro se complaint filed herein.
In his first assignment of error, Mr. Rose contends that the trial court did not have jurisdiction to render a judgment regarding spousal support, as Ms. Rose never perfected service on him. We disagree.
Pursuant to Civ.R. 4(A), upon the filing of the complaint, the clerk shall issue a summons for service upon each defendant listed in the caption. Generally, if
 service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant[.]
Civ.R. 4(E). In Ohio, "[e]videnced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules." See Civ.R. 4.1(A). Generally, if proper service of process is not achieved and a waiver thereof does not occur, the court does not have personal jurisdiction over the matter. See Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156;Satava v. Gerhard (1990), 66 Ohio App.3d 598, 601.
In the present case, Mr. Rose was served with the summons and complaint for divorce by certified mail with return receipt requested. Mr. Rose signed the return receipt and returned it within six months after the filing of the complaint. Thus, Mr. Rose was properly served with the original complaint pursuant to Civ.R. 4 et seq.; therefore, the trial court obtained personal jurisdiction over the matter.
Mr. Rose, however, does not aver that he was not properly served with the original complaint for divorce; rather, he argues that he was not served with Ms. Rose's "pro se complaint" regarding spousal support. This argument lacks merit. In the original complaint for divorce, Ms. Rose requested, inter alia, that "she be awarded * * * temporary and permanent spousal support[.]" Significantly, a domestic relations court "shall not enter final judgment as to a claim of divorce * * * unless * * * [t]he judgment also * * * determines the appropriateness of an order of spousal support[.]" Civ.R. 75(F)(1).[1] Here, in the decree of divorce, the trial court addressed the issue of spousal support and required Ms. Rose to elect whether she wanted to receive a spousal support award by a certain date. If Ms. Rose chose not to elect the spousal support award, she was to receive one-half of the unencumbered marital portion of Mr. Rose's pension. On June 30, 2000, the trial court ordered that Ms. Rose receive one-half of the unencumbered marital portion of Mr. Rose's pension, as she had not elected the spousal support award. Therefore, the June 30, 2000 order awarding Ms. Rose a portion of Mr. Rose's pension plan did not arise from a separately filed complaint, but rather, resolved an issue raised in the original complaint for divorce and fulfilled a term of the trial court's decree of divorce. Furthermore, Mr. Rose was represented by counsel at the proceedings involving the June 30, 2000 order. As Ms. Rose requested spousal support in her original complaint for divorce and Mr. Rose was properly served with that complaint, we conclude that the trial court did not lack personal jurisdiction to make a spousal support determination.
Mr. Rose also appears to contend that he was not given proper notice of the hearing on spousal support. Pursuant to Civ.R. 5(B), when "service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." Here, Mr. Rose was represented by counsel during the proceedings culminating in the decree of divorce in which Ms. Rose was given the opportunity to elect either a spousal support award or a portion of Mr. Rose's pension. Furthermore, in April 2000, Mr. Rose's counsel was given notice of the June 28, 2000 hearing and attended such hearing. Thus, Mr. Rose, although not personally present, was represented by counsel at the proceedings culminating in the June 30, 2000 order.[2] Accordingly, we conclude that proper notice of the hearing was given to Mr. Rose. See Hale v.Hale (Jan. 26, 2000), Medina App. No. 2935-M, unreported, at 5-6 (notice of hearing served upon a party's attorney was sufficient to give proper notice of hearing). Mr. Rose's first assignment of error is overruled.
 B.
Second Assignment of Error
 The trial court erred in changing the ag[ree]ment of contract between the Appellant and the Appellee on the amount that was agreed and how long the Appellee should receive these payments.
In his second assignment of error, Mr. Rose asserts that the trial court's decision to alter an oral agreement reached between himself and Ms. Rose, as to the amount and duration of spousal support payments, was motivated by bias and prejudice toward him because he is incarcerated.
Mr. Rose, however, has not directed this court's attention to the portions of the record evidencing an oral agreement between the parties regarding spousal support. Moreover, after a careful review of the record before this court, we cannot find any evidence of such an agreement. On the other hand, it appears that both parties requested that the trial court determine the appropriateness and amount of spousal support. Specifically, in their stipulations submitted to the trial court, both parties requested that the trial court "establish the rights and responsibilities between the parties including but not limitedto spousal support." (Emphasis added.)
Next, regarding his assertion that the trial court exhibited bias, Mr. Rose in his appellate brief quoted the trial court as saying "`[h]e is in prison. He does not need any money while he is in prison.'" Mr. Rose, however, has not provided this court with the portions of the trial court record containing those statements and has not provided this court with any transcripts of the hearings before the trial court. Significantly, the record before this court does not evidence any bias on behalf of the trial court in reaching its spousal support determination.
As Mr. Rose has failed to provide this court with the portions of the trial court record necessary for a determination of this assignment of error, this court must presume regularity in the trial court's judgment regarding spousal support. See Natl. City Bank v. Beyer (2000),89 Ohio St.3d 152, 160, citing Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, 288-89 (stating "[a]bsent relevant evidence, an appellate court must presume the regularity of the trial court's proceedings and judgment"). Accordingly, Mr. Rose's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
CARR, J. and WHITMORE, J. concur.
[1] Civ.R. 75(F) also provides for situations in which the court need not determine the appropriateness of an order of spousal support before entering a final judgment as to a claim for divorce, such as when the spousal support issue previously has been determined and is incorporated into the judgment.
[2] In a Civ.R. 60(B) motion, Mr. Rose contended that he had discharged his attorney prior to the June 28, 2000 hearing, and therefore, he personally should have been given notice of the hearing. His counsel, however, still attended that hearing on Mr. Rose's behalf. Nevertheless, on December 19, 2000, the trial court dismissed Mr. Rose's Civ.R. 60(B) motion, as he failed to perfect service. Thus, this issue is not properly before this court.