OPINION
Gunton Corporation, dba Pella Window and Door Co., plaintiff-appellee/cross-appellant, filed an action in the Franklin County Court of Common Pleas on May 3, 2001, against Thomas G. Banks ("Banks") and Banks Robins Construction Corporation ("Banks Robins Construction"), defendants-appellants/cross-appellees, seeking damages of $159,000, plus late charges for a total of $169,322.20, for the failure of Banks Robins Construction to pay for the windows which were manufactured as specified and installed in the project of which Banks Robins Construction was a general contractor. In the third and fourth claims, plaintiff alleged that Banks has been the president and owner of Banks Robins Construction and that, on January 12, 2001, the defendants, in order to facilitate payment of the contractual obligation stated previously and to defer additional collection efforts, executed in favor of plaintiff two cognovit promissory notes containing warrants for confession of judgment. Each note was for the principal amount of $79,500, representing exactly half of the total contractual obligation. Plaintiff alleged that the promissory notes had not been paid and that the notes with interest are due in full. Plaintiff sought damages on the third claim against Banks Robins Construction for $79,500, plus interest to date, plus one point from January 12, 2001, and judgment in the same amount against Banks. Copies of the cognovit notes were submitted with the complaint.
On May 17, 2001, the trial court entered a judgment entry labeled "(Partial)" and stated it to be "partially based on two cognovit notes, and the simultaneously filed Answer and Confession of Judgment authorized by the terms of each note." The court awarded judgment against Banks on the third claim of the complaint in the amount of $81,818.75, plus interest from date of judgment at ten percent, and a similar judgment against Banks Robins Construction, finding that there was no just reason for delay in order to make the judgment final and appealable.
The partial judgment based upon the cognovit notes was issued without notice to defendants. When defendants became aware of the cognovit judgment on June 25, 2001, defendants filed a motion for relief from judgment seeking to set aside the partial judgment based upon the cognovit notes. On July 27, 2001, the trial court sustained the motion of Banks for relief from judgment and overruled the motion of Banks Robins Construction for relief from judgment.
Banks Robins Construction appeals alleging that the trial court erred in denying its Civ.R. 60(B) motion to vacate the cognovit judgment. Plaintiff cross-appeals, alleging that the trial court erred in sustaining the motion for relief from judgment of Banks.
Defendants submit two assignments of error:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S CIV. R. 60(B) MOTION TO VACATE A COGNOVIT JUDGMENT WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING, WHERE APPELLANT HAS ASSERTED MERITORIOUS DEFENSES IN A TIMELY MANNER.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING THE MOTION OF APPELLANT FOR RELIEF FROM THE COGNOVIT JUDGMENT.
Plaintiff/cross-appellant asserts the following assignments of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VACATED ITS OWN JUDGMENT GRANTED IN FAVOR OF PLAINTIFF ON THE COGNOVIT NOTE EXECUTED BY THE DEFENDANT THOMAS G. BANKS UNDER CIRCUMSTANCES WHERE THE DEFENDANT IN HIS MOTION FOR RELIEF FROM JUDGMENT FAILED TO DEMONSTRATE THAT HE HAD A MERITORIOUS DEFENSE TO THE CLAIM UNDERLYING THE JUDGMENT.
Defendants' assignments of error and plaintiff's cross-assignment of error are combined for discussion as they are interrelated.
The judgments for which motions for relief from judgment pursuant to Civ.R. 60(B) were filed were predicated upon two cognovit notes. Those notes must be examined initially in order to determine whether the language of the notes supports either or both of the judgments and whether the cognovit provisions of the notes are ones which may be recognized by a court of law.
The promissory notes are identical except for the signatures at the bottom of the notes. The first signature is "Thomas G. Banks, President," and the second signature is "Thomas G. Banks." One of the promissory notes, reproduced exactly, reads as follows:
PROMISSORY NOTE
$79,500.00 January 12, 2001
 FOR VALUE RECEIVED, the undersigned promises to pay to the order of Pella Window Gunton Corporation, the sum of Seventy Nine Thousand Five Hundred Nineteen and 00/100 Dollars ($79,500.00), together with interest, as follows:
 1. All payments shall be sent to Pella Window, Gunton Corporation, 26150 Richmond Road, Bedford Heights, Ohio 44146.
2. Interest at prime plus one (1) point.
3. Principal shall be payable as follows:
 $79,500.00 payable on or before Monday, February 12, 2001.
 4. This Promissory Note may be prepaid at any time, in whole or in part, without penalty or restrictions of any kind whatsoever.
 5. The undersigned shall be deemed to have received notice in the event of a default of any payment pursuant to the terms of this Note, on or after fifteen (15) days after said payment shall have become due.
 6. This Promissory Note has been executed and delivered in the City of Columbus, County of Franklin and State of Ohio and shall be construed in accordance with the laws of the State of Ohio.
 7. The creditor shall have the right, from time to time, to request that the debtors supply Corporate and personal financial statements, prepared in accordance with Generally Accepted Accounting Principles. Such financial statements shall be certified by an independent public accountant satisfactory to both Gregg Robins and the undersigned.
 After proper notice has been given, the undersigned hereby authorizes any attorney at law to appear in court of record in the State of Ohio, or in any State in the United States, after the above obligation becomes due by acceleration or otherwise, and waive the issuing and service of process and confess a judgment against the undersigned in favor of the holder hereof, for the amount then appearing due, together with costs of suit, thereupon to release all errors and waive all right of appeal and stay of execution.
 WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE. (Sec. 2323.13 O.R.C.)
_________/s/ Thomas G. Banks____President___________
Maker
____________________
Maker
It is noted that the title "Promissory Note" is exactly the same size print as the warning concerning the ramifications of the authorization for confession of judgment which appears above, but the warning is in bold print. Furthermore, the notes refer to the payee as Pella Window Gunton Corporation, rather than Gunton Corporation, dba Pella Window and Door Co., which is the plaintiff in this action. There is no mention whatsoever in the note of Banks Robins Construction. Therefore, from construing the note from the standpoint of the attorney signing the confession of judgment, there is no way from the note that he can determine the status of the signors of the note as related to the allegations of the complaint and the terms of the judgment.
Cognovit judgments must be strictly construed and applied. Lathrem v. Foreman (1958), 168 Ohio St. 186; The Peoples Banking Co. v. Brumfield Hay Grain Co. (1961), 172 Ohio St. 545, 548. In order for a cognovit judgment to be valid, the terms of the note itself must be sufficient to facially support the judgment for which confession is made. These notes fall far short of that standard. The party actually enforcing the note has a somewhat different name than the party to whom the note was given. Even more importantly, Banks Robins Construction is not even referred to in the note. There are two notes, both signed by an individual, Thomas G. Banks, one of which contains President after his signature. Looking at the notes, there is no way that judgment can be confessed against Banks Robins Construction. The word "President" does not give the slightest hint in the note of what entity Thomas G. Banks is president. The trial court apparently used personal information obtained in some fashion in determining that these shortcomings were not an impediment to the confession of judgment by stating, without testimony, in its decision upon the Civ.R. 60(B) motion as follows:
 * * * The Court feels that the party signing the note knew the identification, the confession of judgment was understood by the parties, proper notice was given in accordance with the terms of the note, and that Mr. Thomas Banks did sign as president of the Defendant corporation even though that wording was not specifically stated.
If judgment is to be rendered upon a confession of judgment, the notes themselves must be sufficient to support the judgment. It was erroneous for the trial court to take into account anything other than the notes themselves and the confession of judgment, all of which was patently insufficient to support judgment upon confession.
Defendants argue that there is an additional problem with the cognovit notes. R.C. 2323.13(D) explicitly states that courts are without authority to enforce cognovit notes when the required warning "in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document." The type face used in the cognovit warning language in the two promissory notes is larger than anything else on the note except the title, "PROMISSORY NOTE." However, the warning is more conspicuous and clear because it is printed in bold type. Therefore, the court was not barred from enforcing the notes because of the clear and conspicuous provision of R.C. 2323.13(D).
We hold that the cognovit judgments entered in this case are void and invalid even in the absence of grounds for relief under Civ.R. 60(B). See Patton v. Diemer (1988), 35 Ohio St.3d 68; Satava v. Gerhard (1990),66 Ohio App.3d 598, 601. The reason for this holding is that the court had to consider other "evidence" to enforce the cognovit provision. The notes and confession of judgment were insufficient as previously explained.
Ordinarily in a motion to vacate a cognovit judgment, it is necessary for the movant to satisfy all three prongs set forth in the case of GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, which includes the existence of a meritorious defense. However, where the notes are facially insufficient to support the confession of judgment, without additional facts being adduced, the cognovit judgment is void. GTE Automatic Electric, supra, is distinguishable as defendant in that case did not seek relief from a void judgment. None of the Civ.R. 60(B) relief from judgment cases involving cognovit judgments, to our knowledge, were based on void judgments. The "defects" in the cognovit judgments in this case were not "mere irregularities" but sufficient to cause the judgment to be void. See Lathrem, supra.
Appellant's second assignment of error is sustained. There was no basis to render a cognovit judgment against Banks Robins Construction. It is not necessary to discuss appellant's first assignment of error for even an evidentiary hearing would not have corrected the unenforceable nature of the cognovit judgment. It is noted, however, that, if summary treatment is utilized, it may be possible to render summary judgment against either or both defendants.
Cross-appellant's assignment of error is overruled, albeit for the reasons expressed in this opinion, rather than the reasons given by the trial court.
The judgment of the trial court is reversed and this case is remanded to the trial court for further procedure consistent with this opinion.
Judgment reversed and remanded.
TYACK, P.J., and PETREE, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.