EMIG, Appellee,

v.

MASSAU, Appellant.

[Cite as *Emig v. Massau* (2000), 140 Ohio App.3d 119.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1473.

Decided Nov. 16, 2000.

*Fisher & Douglas* and *Mark Fisher*, for appellee.

*Baker & Hostetler, L.L.P.*, and *Barry H. Wolinetz*, for appellant.

DESHLER, Judge.

Defendant-appellant, Bruce A. Massau, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling appellant's motion to vacate a Missouri child support order registered for enforcement with the Franklin County Domestic Relations Court by appellee, Suzanne K. Emig.

The Circuit Court of St. Charles County, Missouri, entered a decree of dissolution on November 3, 1978, terminating the parties' marriage. A stipulated agreement adopted in the decree awarded appellee custody of the parties' minor child Carrianne, born January 18, 1977, and provided for child support payable by appellant in the amount of $300 per month. The stipulated agreement contained a Missouri choice of law clause, and provided that child support would be payable until Carrianne reached the age of twenty-one or was emancipated. At the time the decree of dissolution was entered, appellee and Carrianne resided in Missouri, but appellant had become a resident of Pennsylvania. Shortly after the dissolution decree was entered, appellee and Carrianne moved to Indiana where they have continuously resided since. After leaving Missouri, appellant resided primarily in Ohio, with shorter periods in Pennsylvania, Illinois, Alabama and Missouri. It is not disputed that appellant has been a permanent resident of Columbus, Ohio since 1992.

On November 6, 1990, when Carrianne was thirteen, the Missouri court entered a consent order of modification submitted by the parties, increasing child support to $600 per month. Although none of the parties, including the minor child, resided in Missouri at the time, there appears to have been no challenge to jurisdiction with respect to this modification of the original decree.

On October 4, 1994, appellee filed in the Missouri court a further motion to modify child support and sought an order requiring appellant to contribute to Carrianne's college education. Appellant initially entered a limited appearance in opposition to the motion for modification, in order to present his objections on the basis that the Missouri court lacked subject matter and personal jurisdiction over him. After the Missouri court found that it had jurisdiction, the parties proceeded to litigate the proposed modification. On September 13, 1996, the Missouri court entered a judgment modifying the decree to increase appellant's support obligation from $600 to $773 per month, and requiring appellant to pay sixty-eight percent of Carrianne's college education expenses. At this time, Carrianne was nineteen years old, and she and her mother continued to reside in Indiana. The appellant resided in Ohio.

On April 3, 1998, appellee registered the 1996 Missouri modification with the Franklin County Domestic Relations Court. Appellee also filed a motion to show cause why appellant should not be held in contempt, apparently because he had failed to make support payments under the 1996 Missouri modification. In response, appellant filed a motion to vacate registration of the 1996 Missouri modification based upon a lack of jurisdiction in the Missouri court and the fact that Carrianne had on January 18, 1995, reached the age of eighteen, terminating his support obligation under Ohio law.

The matter was heard in domestic relations court before a magistrate, who rendered a decision in favor of appellee. Appellant filed objections to the magistrate's decision, asserting that the magistrate had erred in granting full faith and credit to the 1996 Missouri modification even though the Missouri court lacked continuing subject matter or personal jurisdiction over the parties, and further erred in refusing to apply Ohio law to find that Carrianne was emancipated and appellant's support obligation had terminated.

The Franklin County Domestic Relations Court overruled appellant's objections to the magistrate's decision, finding that *res judicata* barred relitigation of the Missouri court's own determination that it had jurisdiction over the parties, and that appellant's proper recourse would have been to appeal the Missouri decision, which he had failed to do. The trial court further found that the 1996 Missouri modification had been properly registered with the domestic relations court for enforcement in Ohio, and that pursuant to Section 1738B(h)(1), Title 28, U.S.Code, the Full Faith and Credit for Child Support Orders Act

("FFCCSOA"), Ohio was bound to enforce the 1996 Missouri modification according to its own terms. The trial court accordingly adopted the magistrate's decision and ordered that the underlying contempt and enforcement proceedings continue before the magistrate.

Appellant has timely appealed from the trial court's judgment and brings the following assignments of error:

"[1.] The trial court erred as a matter of law when it gave full faith and credit to the registered Missouri modification, for when the Missouri court ordered the modification, it lacked continuing jurisdiction.

"[2.] The trial court erred as a matter of law when it failed to apply Ohio law and its age of majority, for the registered Missouri child support modification was not entitled to full faith and credit.

"[3.] The trial court erred as a matter of law when it failed to consider defendant appellant's defenses concerning the Missouri court's lack of personal jurisdiction, for R.C. § 3115.44 explicitly contemplates that an obligor may 'relitigate' his lack of personal jurisdiction in the issuing state."

Although the present case ultimately raises various choice-of-law issues, these hinge *ab initio* on jurisdictional issues raised in appellant's first and third assignments of error, the threshold question being whether the Missouri court had subject matter and personal jurisdiction to enter the 1996 modification and, consequently, whether the Missouri judgment should be granted full faith and credit by Ohio courts. The matter is considerably simplified by the fact that appellant has not moved in an Ohio court for modification of his support obligation, but has merely opposed registration and enforcement of the Missouri order in Ohio. Thus, jurisdictional questions regarding an Ohio tribunal's authority to *modify* (as opposed to enforce) a foreign order under the Uniform Interstate Family Support Act ("UIFSA"), adopted and effective in Ohio as of January 1, 1998, or its predecessor, the Uniform Reciprocal Enforcement of Support Act ("URESA"), are not raised in the present case. We thus avoid the considerable complexities arising from the existence of multiple, competing orders issued by different forums, which even under the rationalized scheme established in the UIFSA are often difficult to reconcile and prioritize. See, *e.g.*, *Walker v. Amos* (2000), 140 Ohio App.3d 32, 746 N.E.2d 642, and *Dunn v. Dunn* (2000), 137 Ohio App.3d 117, 738 N.E.2d 81.

Since we are not faced with competing, conflicting orders, the matter turns on application of the FFCCSOA to enforce the 1996 Missouri modification in Ohio. The United States Congress enacted the FFCCSOA in 1994, in response to complexities and inconsistencies arising in the enforcement of interstate child

support orders under URESA. The FFCCSOA also addressed a significant gap in previous interpretation and application of Section 1, Article IV of the United States Constitution, the Full Faith and Credit Clause, which had been previously held to require states only to recognize final, nonmodifiable judgments of other states. Since child support obligations are typically established under modifiable orders, states frequently failed to give full faith and credit to foreign state support orders. The FFCCSOA requires states to grant equal full faith and credit to such modifiable support orders issued by foreign states. See, generally, 2 Sowald Morganstern, Domestic Relations Law, Section 23.26, at 59. Accordingly, Section 1738B, Title 28, U.S.Code, provides in pertinent part as follows:

"(a) General rule. The appropriate authorities of each State—

"(1) shall enforce according to its terms a child support order made consistently with this section by a court of another State; and

"(2) shall not seek or make a modification of such an order except in accordance with subsections (e), (f), and (i)."

■ We find that under the FFCCSOA the 1996 Missouri modification is entitled to full faith and credit in Ohio. Although appellant makes a colorable argument that the Missouri court had been deprived of jurisdiction by operation of the FFCCSOA, we find that appellant was afforded a full opportunity to litigate the question of personal jurisdiction when he entered his initial, limited appearance before the Missouri court to contest this issue. Appellant thereafter failed to take an appeal in Missouri from the Missouri trial court's determination that it could exercise personal jurisdiction over appellant. Under these conditions, the Missouri court's resolution of the issue of personal jurisdiction becomes *res judicata.*

■ We agree initially with appellant's contention that he could properly raise in Ohio courts, in opposition to registration of the 1996 Missouri modification, the question of whether the Missouri court had personal jurisdiction over him when it entered the modification. A fundamental principle is that to be entitled to recognition under the Full Faith and Credit Clause, the foreign state judgment must have been rendered by a court having jurisdiction over the parties and matters litigated. *Williams v. North Carolina* (1945), 325 U.S. 226, 229, 65 S.Ct. 1092, 1094–1095, 89 L.Ed. 1577, 1581. This principle is recognized under the UIFSA and reflected in R.C. 3115.44, governing contest by an obligor of registration or enforcement of a foreign support order:

"(A) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one of more of the following defenses:

"(1) The issuing tribunal lacked personal jurisdiction over the contesting party[.]"

R.C. 3115.44 therefore contemplates that the Ohio court can under some circumstances address personal jurisdiction issues affecting the validity of the order sought to be registered in Ohio.

■ As a general rule, however, after full and actual litigation of the question in which full opportunity to be heard has been granted to the party contesting personal jurisdiction, a finding by a foreign state court that it had personal jurisdiction over the matter is not subject to collateral attack, particularly in instances where the party contesting jurisdiction has failed to undertake an appeal from the finding of jurisdiction. *Davis v. Davis* (1938), 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26. Due process does not require that a party be afforded a "second opportunity" to litigate jurisdictional facts. *Sherrer v. Sherrer* (1948), 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429. In the present case, it is apparent that appellant had a full opportunity to contest the issue of personal jurisdiction in the Missouri proceedings, and upon suffering an adverse determination in that respect chose not to undertake an appeal. Under these circumstances, we find that the doctrine of *res judicata* bars any inconsistent finding on the issue by an Ohio court. Appellant's first and third assignments of error are accordingly overruled.

■ Having held that the 1996 Missouri modification is not subject to collateral attack and thus may be registered and enforced in Ohio, we now turn to the choice-of-law issues raised in appellant's second assignment of error. Appellant asserts that, since Ohio law provides for emancipation at age eighteen (assuming graduation from high school) of a child receiving child support, his support obligation should have terminated when his daughter reached that age, based upon appellant's Ohio residency. Missouri law, in contrast, provides that support may be ordered through age twenty-one, and support has been so established in both in the original decree of dissolution and the 1996 modification. We note *ab initio* that it is not clear whether choice-of-law issues are in fact before us at all, since appellant has never applied for a *modification* of the 1996 Missouri modification to reflect Ohio's age of termination of child support. To that extent *Little v. Little* (May 2, 1991), Greene App. No. 90–CA–77, unreported, 1991 WL 70723, and other cases cited by appellant on choice-of-law issues are inapposite. If the 1996 Missouri modification is to be given full faith and credit by Ohio courts, it is to be enforced according to its own terms, including the age of termination for support. This conclusion is supported by applicable provisions of FFCCSOA:

"(h) Choice of law.

"(1) In general. In a proceeding to establish, modify, or enforce a child support order, the forum State's law shall apply except as provided in paragraphs (2) and (3).

"(2) Law of State of issuance of order. In interpreting a child support order including the duration of current payments and other obligations of support, a court shall apply the law of the State of the court that issued the order.

"(3) Period of limitation. In an action to enforce arrears under a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute provides the longer period of limitation." Section 1738B(h), Title 28, U.S.Code.

As noted by at least one authority, "[I]t seems obvious that a court of State A would be required to enforce a post-majority child support order from State B even if State A had a rule ending support at age 18. Such an issue would fit neatly into the 'duration of current payments' language of the statute." Sowald Morganstern, *supra*, Section 23.27, at 60. The majority of courts within and without Ohio have applied this interpretation when assessing the age of emancipation of children for child support purposes, and thus have applied the law of the state rendering the initial decree when determining the age of emancipation of a child for termination of support. See, *e.g.*, *Walton v. Adams* (July 23, 1999), Scioto App. No. 98CA2617, unreported, 1999 WL 597257; *Lewis v. Lewis* (Mar. 18, 1997), Franklin App. No. 96APF07–868, unreported, 1997 WL 128566; *Brickner v. Brickner* (Ind.App.2000), 723 N.E.2d 468.

We therefore find that the trial court did not err in finding that appellant's support obligation continued past his daughter's eighteenth birthday as set forth in the 1996 Missouri modification. Appellant's second assignment of error is accordingly overruled.

In accordance with the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling appellant's motion to set aside registration of the Missouri support order is affirmed.

*Judgment affirmed.*

TYACK and LAZARUS, JJ., concur.