OPINION
{¶ 1} Charlene Hensel appeals two judgments of the Court of Common Pleas of Ashland County, which entered civil stalking protection orders against her and in favor of Jacqueline C. Smith and Beverley Riffle. Because the two appeals address the same issue, we will consolidate the two for purposes of this opinion only. In each case, appellant assigns a single error to the trial court:
 {¶ 2} "I. THE ASHLAND COUNTY COURT OF COMMON PLEAS ERRED WHEN IT GRANTED PETITIONER-APPELLEE'S PETITION FOR CIVIL PROTECTION ORDER WHEN RESPONDENT-APPELLANT HAD NEVER RECEIVED NOTICE OF THE FILING OF THE PETITION."
 {¶ 3} The record indicates appellees Smith and Riffle filed these petitions for civil protection orders against appellant on October 15, 2004. The matters were scheduled for a full hearing on October 22, 2004.
 {¶ 4} R.C. 2903.214 provides a petitioner may seek an ex parte order, but if the court does not issue the order, the court shall proceed as in a normal civil action to grant a full hearing.
 {¶ 5} At the hearing on October 22, the trial court called Case No. 04-CPO-349, Jacqueline Smith v. Charlene Hensel. The court also called Case Nos. 04-CPO-350, Jacqueline Smith v. Molly Hensel; 04-CPO-342, MollyHensel v. Beverley J. Riffle; 04-CPO-343, Molly Hensel v. JacquelineSmith; 04-CPO-347, Beverley J. Riffle v. Molly Hensel and 04-CPO-348,Beverley J. Riffle v. Charlene Hensel. The court noted the parties were all present without counsel. The court began the case by informing the parties it had combined the multiple cases for final hearing. The court established Molly Hensel was asking for a protection order against Jacqueline Smith and Beverley Riffle while Beverley Riffle and Jacqueline Smith were asking for full protection orders against both Molly and Charlene Hensel. The court announced it had reviewed the petitions and found the same or similar factual circumstances in all three. The court found this situation is one where "all or nothing treatment" is appropriate. The court informed the parties either all the petitions would be granted or none.
 {¶ 6} The court also suggested none of the petitioners should have any objection to reciprocal orders granting protection against themselves.
 {¶ 7} The trial court granted all the requests for protection orders and explained to all the parties the significance of the protection orders. At that point, appellant informed the court she was never served with any papers. Molly Hensel also informed the court she had not been served with any papers, and stated that Charlene had merely come with her for support.
 {¶ 8} Appellant Charlene Hensel then informed the court had she known of the proceedings against her she would have filed petitions against Smith and Riffle. The court noted it would add appellant as a protected party under Molly Hensel's protective orders.
 {¶ 9} The records show no indication service was attempted in either of these cases. The court found as far as service was concerned, all the parties were present.
 {¶ 10} The trial court took no evidence, and no one objected or offered any. The petitions for protective orders were sworn and notarized, and contained a summary of the various petitioners' complaints against the various respondents. From the transcript of proceedings it is clear the parties were already aware of the reasons for the petitions.
 {¶ 11} It is rudimentary that in order to render a valid personal judgment a court must have personal jurisdiction over the defendant. The court may acquire personal jurisdiction either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court, Michigan Millers Mutual Insurance Company v.Christian, 153 Ohio App. 3d 299, 2003-Ohio-2455, 794 N.E. 2d 68, citations deleted.
 {¶ 12} The defense of insufficiency of service attacks the court's jurisdiction and must be asserted by a party's first pleading, motion, or appearance. Id. A party who voluntarily appears in an action and fails at its first opportunity to challenge the court's exercise of jurisdiction may not be heard to complain later the court lacked personal jurisdiction. If a defendant appears for any other purpose than to object to jurisdiction, the defendant is deemed to have entered a general appearance in the action and voluntarily submitted himself to jurisdiction of the court, Id.
 {¶ 13} Appellant's original purpose in attending court was simply to offer moral support for Molly Hensel. This cannot be construed as submitting to the court's jurisdiction. Appellant informed the court she had not been served with any papers, thereby properly challenging the court's jurisdiction at her first opportunity. However, we find when appellant informed the court had she known Smith and Riffle had filed petitions against her, she would have filed petitions against each of them, she consented to the court's jurisdiction.
 {¶ 14} The determination of sufficiency of service of process is a matter within the trial court's sound discretion, Michigan Millers,
supra, paragraph nine, citations deleted. An abuse of discretion occurs when a court renders an arbitrary, unreasonable, or unconscionable decision, Id. A decision is unreasonable if there is no sound reasoning process that would support the decision, Id., citing AAAA Enterprises,Inc. v. Riverplace Community Urban Redevelopment Corp. (1990),50 Ohio St. 3d 157, 553 N.E. 2d 597. We find given the circumstances of these cases, it was not unreasonable for the trial court to exercise personal jurisdiction over appellant in spite of the lack of service.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgments of the Court of Common Pleas of Ashland County, Ohio, are affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.