OPINION
{¶ 1} This appeal arises from a judgment of the Montgomery County Common Pleas Court, Juvenile Division, which registered and enforced a Kentucky judgment for child support entered against defendant-appellant Robert Kilburn. Kilburn contends that Kentucky lacked personal jurisdiction over him, and the Ohio trial court erred by denying his motion to dismiss on that ground.
 {¶ 2} We conclude that the record does not support a finding that Kentucky lacked personal jurisdiction when it rendered the child support order. Therefore, we cannot say that the trial court erred when it denied Kilburn's motion to dismiss. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} The following facts are gleaned from the pleadings filed by the parties.
 {¶ 4} Kelly Francis Lawrence and Robert Lee Kilburn are the parents of a minor child. In May of 2001, Lawrence filed an action for custody and child support in Clark County, Kentucky. Kilburn, who was residing in Texas at that time, was served via certified mail. The record indicates that he signed the certified mail receipt.
 {¶ 5} Kilburn subsequently filed a notarized document entitled "Affidavit in Opposition of Motion for Temporary Custody." Thereafter, the Kentucky Court entered a judgment awarding custody of the child to Lawrence. The judgment also ordered Kilburn to pay child support to Lawrence.
 {¶ 6} At some point thereafter, Kilburn moved to Ohio. In October of 2003, pursuant to a petition from the Commonwealth of Kentucky, the Montgomery County Child Support Enforcement Agency commenced a Uniform Interstate Family Support Act ("UIFSA") action against Kilburn in Montgomery County. The petition sought the registration and enforcement of the Kentucky judgment. Following service, counsel was appointed to represent Kilburn. Kilburn then filed a motion to dismiss the action, contending that the Kentucky judgment was void because the Kentucky court never acquired personal jurisdiction over him.
 {¶ 7} The magistrate filed a decision overruling the motion to dismiss and ordering enforcement of the Kentucky judgment. Kilburn filed objections to the magistrate's decision. In his objections, he argued that the magistrate erred in enforcing the Kentucky judgment, because of the lack of personal jurisdiction. The trial court overruled the objections, noting that the issue of jurisdiction should have been raised in the Kentucky action. The trial court then adopted the magistrate's decision as the judgment of the trial court.
 {¶ 8} From this judgment, Kilburn appeals.
 II {¶ 9} Kilburn asserts two assignments of error, as follows:
 {¶ 10} "THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE AN OBLIGOR'S RIGHT TO ATTACK AND SEEK DISMISSAL OF A UIFSA PETITION IF THE INITIATING STATE LACKED PERSONAL JURISDICTION WHEN IT ISSUED THE CHILD SUPPORT ORDER.
 {¶ 11} "THE LOWER COURT WAS REQUIRED TO DISMISS THE UIFSA PETITION SINCE KENTUCKY DID NOT HAVE PERSONAL JURISDICTION OVER ROBERT KILBURN WHEN IT ENTERED THE CHILD SUPPORT ORDER AGAINST HIM."
 {¶ 12} In his assignments of error, Kilburn contends that the trial court erred by refusing to recognize his right to collaterally attack the Kentucky judgment. He further contends that he was entitled to have the UIFSA petition dismissed, and that the trial court erred by failing to do so. In support, he argues that the Kentucky court lacked personal jurisdiction over him when it rendered judgment against him.
 {¶ 13} The UIFSA, codified in Ohio at R.C. Chapter 3115.01 et seq., permits states that "issue child support orders [to] request other states to enforce the order against a resident of the responding state when both states have adopted the UIFSA."Beam v. Beam, Darke App. No. 02-CA-1573, 2002-Ohio-2910. Both Ohio and Kentucky have adopted versions of the Act. Id.
 {¶ 14} In order to be entitled to registration and enforcement, the foreign judgment must have been rendered by a court having jurisdiction over the parties. Emig v. Massau
(2000), 140 Ohio App. 3d 119, 123. R.C. 3115.44(A)(1) permits the contest of the registration or enforcement of a foreign support order based upon a claim of lack of personal jurisdiction. "R.C.3115.44 therefore contemplates that the Ohio court can under some circumstances address personal jurisdiction issues affecting the validity of the order sought to be registered in Ohio." Id. at 124.
 {¶ 15} "As a general rule, however, after full and actual litigation of the question in which full opportunity to be heard has been granted to the party contesting personal jurisdiction, a finding by a foreign state court that it had personal jurisdiction over the matter is not subject to collateral attack, particularly in instances where the party contesting jurisdiction has failed to undertake an appeal from the finding of jurisdiction." Id. "Due process does not require that a party be afforded a `second opportunity' to litigate jurisdictional facts." Id.
 {¶ 16} Thus, we recognize that Kilburn is entitled to raise the issue of personal jurisdiction in the Ohio court action. However, we cannot say that the trial court, as Kilburn claims, precluded him from attacking the validity of the Kentucky judgment. Instead, it appears that the trial court found no basis for Kilburn's attack. We agree.
 {¶ 17} Under the UIFSA, an individual has the burden of proving that the rendering State, in this case Kentucky, lacked personal jurisdiction. R.C. 3115.44(A)(1); K.R.S. § 407.5607. As noted, Kilburn filed a responsive pleading, styled as an affidavit, with the Kentucky court. Kilburn contends that, while the affidavit did "address the substantive claim of [custody]," it also contested the question of whether Kentucky had personal jurisdiction over him. Specifically, he refers to paragraphs three through five of his affidavit in support of his claim regarding personal jurisdiction. We have reviewed the entire affidavit, and disagree with Kilburn's characterization of its contents. We note that the affidavit does contest Lawrence's fitness to parent and that it contests whether Kentucky could serve as the "home state" of the child for purposes of determining custody and support. However, there is no mention of personal jurisdiction, or the lack thereof, over Kilburn.
 {¶ 18} Furthermore, there is nothing in the record to indicate that Kilburn was denied the opportunity to fully litigate the issue of personal jurisdiction in the Kentucky action. Likewise, the record is devoid of evidence indicating that Kilburn appealed the issue of personal jurisdiction to the Kentucky appellate courts. Thus, we conclude that Kilburn's claim that he contested personal jurisdiction in Kentucky is without merit.
 {¶ 19} Even if Kilburn had contested personal jurisdiction in Kentucky, we would not be inclined to find error in the trial court's decision to deny his motion for dismissal of the Ohio action.
 {¶ 20} Pursuant to the terms of the UIFSA, a state court may exercise personal jurisdiction over a non-resident if "the individual submits to the jurisdiction of [the] state by consent, by entering a general appearance, or by filing a responsive pleading or other document having the effect of waiving any contest to personal jurisdiction." R.C. 3115.03; K.R.S. §407.5201. A person makes a general appearance when he voluntarily takes some step in the action other than to contest jurisdiction.Smith v. Hensel, Ashland App. No. 04-COA-077 and 04-COA-078,2005-Ohio-3465, ¶ 12.
 {¶ 21} In this case, Kilburn filed a responsive pleading. The pleading did not raise the issue of personal jurisdiction, and Kilburn did not otherwise raise the issue with the Kentucky court. The pleading did, however, evidence an intent to contest Lawrence's claim to custody. Thus, the pleading appears to have been an attempt to assert a substantive defense against the custody action. This pleading constituted Kilburn's appearance in the action; it appears to have been voluntarily tendered; and it does not purport to contest personal jurisdiction.
 {¶ 22} The Kentucky court properly exercised personal jurisdiction over Kilburn pursuant to the UIFSA. We conclude that Kilburn's failure to raise the issue in the rendering tribunal or to contest the decision in the Kentucky appellate courts waived his right to contest the issue. Furthermore, we conclude that Kilburn cannot now assert it in a collateral attack in Ohio. Finally, we conclude that the provisions of the UIFSA were complied with, and that the trial court did not err by registering or enforcing the Kentucky judgment.
 {¶ 23} Accordingly, both assignments of error are overruled.
 III {¶ 24} Both of Kilburn's assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan, and Valen, JJ., concur.
(Hon. Anthony Valen, Retired from the Twelfth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).