OPINION
{¶ 1} Defendant-appellant, Richard D. Beegle ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch dismissing his motion for modification of child support after finding that the court did not have subject matter jurisdiction over the matter, nor personal jurisdiction over plaintiff-appellee, Anita L. Beegle ("appellee").
 {¶ 2} Appellant and appellee were married on May 26, 1983, in Blair County, Pennsylvania. The parties were divorced in Raleigh County, West Virginia on February 8, *Page 2 
1991. Two children were born as issue of the marriage, Richard Douglas Beegle, II, born January 5, 1984, and Sara Nicole Beegle, born January 30, 1986. Sara Beegle is the subject of this proceeding. Custody of the children was initially awarded to appellee, and in 1992, she and the children moved to Pennsylvania. Appellant also relocated to Pennsylvania and was subsequently awarded custody of the children in March 1993. Appellee was ordered to pay child support per a Pennsylvania court order. The Pennsylvania child support order was modified several times. In 1998, appellee moved to California where she currently resides. Also in 1998, appellant and the children moved to Utah, and in 2000, to Florida. In May 2001, appellee began paying child support through the San Joaquin County Department of Child Support Services in California. In January 2004, Sara was severely injured in a car accident. Thereafter, in March 2004, appellant and Sara moved to Ohio where they currently reside. On June 9, 2005, appellant received a notice of termination of withholding from the San Joaquin County Department of Child Support Services terminating child support for Sara because she reached the age of majority.
 {¶ 3} On December 27, 2004, appellant filed a letter of transmittal requesting the registration of the parties' original child support order and all subsequent modifications thereof, pursuant to R.C. 3115.39, which is part of Ohio's Uniform Interstate Family Support Act ("UIFSA"). On September 30, 2005, appellant filed a motion to modify child support. Though Sara turned 18 years old on January 30, 2004, appellant argues child support should be reinstated and modified because, due to the debilitating injuries sustained in the car accident, Sara would not graduate from high school until June 2006. *Page 3 
Appellee responded with a motion to dismiss contending the trial court lacked both subject matter jurisdiction over the child support order, and personal jurisdiction over her.
 {¶ 4} The matter was referred to a magistrate, who issued a decision granting appellee's motion to dismiss. After findings of fact and conclusions of law were filed, both appellant and appellee filed objections to the magistrate's decision on July 10 and July 13, 2006, respectively. The matter was set for hearing, and thereafter, the trial court issued a decision overruling appellant's objections. The trial court sustained appellee's objections, however, agreeing with appellee that Ohio had neither personal jurisdiction over appellee nor subject matter jurisdiction over the child support order. Thereupon, the trial court adopted the magistrate's decision as modified by its decision. This appeal followed, and appellant brings the following six assignments of error for our review:
 First Assignment of Error
 THE MAGISTRATE ERRED IN HOLDING THAT NO COURT HAS JURISDICTION TO MODIFY THE CHILD SUPPORT ORDER.
 Second Assignment of Error
 THE MAGISTRATE FAILED TO MAKE SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW VIOLATING OHIO CIVIL RULE 53.
 Third Assignment of Error
 THE MAGISTRATE ERRED IN HOLDING THAT CHILD SUPPORT ORDERS HAVE BEEN MODIFIED IN PENNSYLVANIA AND CALIFORNIA.
 Fourth Assignment of Error
 THE MAGISTRATE ERRED IN AFFORDING THE CALIFORNIA TERMINATION ORDER BASED ON SARAH'S EMANCIPATION RES JUDICATA EFFECT. *Page 4 
 Fifth Assignment of Error
 THE MAGISTRATE ERRED IN FAILING TO FIND OHIO REVISED CODE § 3115.48 UNCONSTITUTIONAL.
 Sixth Assignment of Error
 THE MAGISTRATE ERRED IN HOLDING THAT PLAINTIFF-APPELLEE'S FAILURE TO REPLY IS NOT BARRED BY THE DOCTRINE OF LACHES.
 {¶ 5} In his first assignment of error, appellant contends that Ohio does indeed have personal jurisdiction over appellee, as well as subject matter jurisdiction to modify the child support order. It is fundamental that before judgment can be entered against a party, a court of this state must be vested with both personal jurisdiction over the parties and subject matter jurisdiction over the involved claim.
 {¶ 6} We will first address the issue of personal jurisdiction. Appellant asserts that the trial court has personal jurisdiction over appellee (1) pursuant to R.C. 3115.03(E); (2) because appellee has minimum contacts with Ohio pursuant to Civ.R. 4.3(A) and R.C. 2307.382; and (3) appellee waived her personal jurisdiction defense by failing to contest the letter of transmittal within 20 days as required under R.C.3115.43.
 {¶ 7} We turn first to the issue of waiver of the personal jurisdiction defense. R.C. 3115.43, provides, in part:
 (A) A nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing no later than twenty days after the date of mailing or personal service of the notice of the registration by filing a motion with the registering tribunal. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any *Page 5 
alleged arrearages pursuant to section 3115.44 of the Revised Code.
 (B) If the nonregistering party fails to make the request pursuant to division (A) of this section in a timely manner, the order is confirmed by operation of law.
 {¶ 8} R.C. 3115.44 provides, in relevant part:
 (A) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
 (1) The issuing tribunal lacked personal jurisdiction over the contesting party;
 (2) The order was obtained by fraud;
 (3) The order has been vacated, suspended, or modified by a later order;
 (4) The issuing tribunal has stayed the order pending appeal;
 (5) There is a defense under the law of this state to the remedy sought;
 (6) Full or partial payment has been made;
 (7) The applicable statute of limitation under section 3115.41 of the Revised Code precludes enforcement of some or all of the arrearages.
 {¶ 9} Appellee was served with a letter of transmittal requesting registration of the foreign child support order on February 15, 2005. Because personal jurisdiction is one of the defenses listed in R.C.3115.44(A)(1), and appellee did not file a motion contesting the registration of the order, appellant contends appellee waived her right to contest personal jurisdiction.
 {¶ 10} Initially, we note that R.C. 3115.44(A)(1) is not applicable here because the personal jurisdiction defense addressed in R.C.3115.44(A)(1) refers to the lack of *Page 6 
personal jurisdiction by the issuing tribunal, and not the Ohio court where modification of the order is being requested. See In reKilburn, Montgomery App. No. 20993, 2006-Ohio-991 (citing R.C. 3115.44
and stating "[u]nder the UIFSA, an individual has the burden of proving that the rendering State, in this case Kentucky, lacked personal jurisdiction"); Beam v. Beam Darke App. No. 02-CA-1573, 2002-Ohio-2910 (concluding that R.C. 3115.44[A][1] allows a party to contest enforcement of an order upon a claim that the issuing court lacked personal jurisdiction over the contesting party); Emig v. Massau (2000),140 Ohio App.3d 119 (recognizing that pursuant to R.C. 3115.44, a party could properly raise in an Ohio court the question of whether a Missouri court had personal jurisdiction over the father when it entered a modification.)
 {¶ 11} Addressing a similar issue, albeit under the Uniform Recriprocal Enforcement of Support Act ("URESA"), UIFSA's predecessor statute, codified in former R.C. 3115.01, et seq., was addressed inHudgins v. Hudgins (1992), 80 Ohio App.3d 707, motion to certify denied by 65 Ohio St.3d 1463. In Hudgins, the parties were divorced in Indiana in 1982. Thereafter, the husband moved to Virginia, and the wife moved with the children to Ohio. On February 13, 1990, the wife filed, and the husband was subsequently served, an application to register the Indiana support order in Henry County, Ohio. In June 1990, wife sought an increase in child support. The husband responded with a motion to dismiss contesting the trial court's exercise of jurisdiction over him. The wife argued that the husband waived his jurisdictional defenses by failing to respond to the notice of registration of the Indiana support order as required by former R.C. 3115.32(H). The relevant portions of former R.C. 3115.32, provided: *Page 7 
 (H) The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed.
 (I) At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. * * *
 {¶ 12} Regarding the above-stated provisions, the court inHudgins stated:
 It is clear that the registration section of the Act provides a twenty-day period in which an obligor may contest registration of a foreign support order. However, contrary to the trial court's finding that appellant has waived all defenses, even in actions subsequent to and unrelated to the registration itself, we find that the defenses which may be asserted in a registration action are limited to those which relate directly to the validity of the original, foreign decree. * * * Thus, the only defenses appellant has waived by his failure to resist the registration of the order in this case would be, for instance, lack of jurisdiction in the Indiana (rendering) court, or existence of some procedural defect in the rendering court which would nullify the judgment. Therefore, appellant was free to assert any relevant defenses in subsequent actions concerning enforcement or modification of the (now) Ohio support order, including, and especially, the registering court's lack of personal jurisdiction over him. To rule otherwise would violate the obligor's due process rights.
Id. at 711-712 (citations omitted).
 {¶ 13} Also analyzed under URESA is Chacon v. Chacon (Sept. 7, 1995), Franklin App. No. 95APF01-94, wherein this court stated:
 Initially, this court notes that any modification of the child support order is improper if the trial court does not have in personam jurisdiction over appellee. Although URESA provides for notice to an obligor (appellee herein), that obligee (appellant), has filed a registration action, the court does not need in personam jurisdiction over the obligor for purposes of registering a foreign support order which was properly rendered in the state having jurisdiction over the parties to an *Page 8 
action. R.C. 3115.32; Hudgins v. Hudgins (1992), 80 Ohio App.3d 707, 610 N.E.2d 582. Thus, in personam jurisdiction over appellee was not necessary for Ohio to accept registration of the New Mexico child support order. Clearly, Ohio could enforce the New Mexico order, and the amounts specified therein, once the case was properly registered in Ohio.
 However, once appellant sought modification of the child support order, it became necessary for Ohio to obtain personal jurisdiction over appellee. Id. at 712. Moreover, long-arm jurisdiction exists over a nonresident defendant only where one of the specified circumstances found in R.C. 2307.382 or Civ.R. 4.3(A) has been fulfilled. Massey-Norton v. Trammel (1989), 61 Ohio App.3d 394, 572 N.E.2d 821; Baker v. Baker (Jan. 19, 1989), Franklin App. No. 88AP-361, unreported (1989 Opinions 95); Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. See, also, International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154. A money judgment rendered without personal jurisdiction is void. Rondy v. Rondy (1983), 13 Ohio App.3d 19, 468 N.E.2d 81; U.S. Sprint Communications Co., Limited Partnership v. Mr. K's Foods, Inc. (Dec. 31, 1990), Franklin App. No. 90AP-629, unreported (1990 Opinions 6063, 6066); Satava v. Gerhard (1990), 66 Ohio App.3d 598, 585 N.E.2d 899.
 {¶ 14} Although we recognize that both Hudgins and Chacon were decided under UIFSA's predecessor statute, the provisions analyzed inHudgins and Chacon were similar to those at issue here, and we find that a similar result must be reached in the instant matter. Appellee does not contest the validity of the original order from the issuing tribunal, nor does she raise any of the defenses contained in R.C.3115.44. Rather, she contests Ohio's jurisdiction, both personal and subject matter, to modify the foreign child support order. Based on the rational of Chacon and the cases upon which it relied, we find that appellee did not waive her defense of personal jurisdiction of the trial court to modify the foreign support order. *Page 9 
 {¶ 15} Appellant next contends the trial court has personal jurisdiction over appellee pursuant to R.C. 3115.03(E), and that appellee's previous visits to Ohio constitute sufficient minimum contacts to justify the exercise of jurisdiction over her. We disagree. R.C. 3115.03 provides for personal jurisdiction over nonresidents in proceedings to establish, enforce, or modify a support order, and provides in part:
 In a proceeding to establish, enforce, or modify a support order or to determine the existence or nonexistence of a parent and child relationship, a tribunal or support enforcement agency of this state may exercise personal jurisdiction over a nonresident individual if any of the following is the case:
 * * *
 (E) The child resides in this state as a result of the acts or directives of the individual; * * *
 {¶ 16} Appellant alleges that appellee's physical abuse of the children caused him to leave his employment and relocate to Pennsylvania to seek custody of the children. According to appellant, his efforts to obtain comparable employment resulted in him being transferred to two different states, the latest being Ohio. Thus, because appellant left his employment in 1992, allegedly due to appellee physically abusing the children, appellant contends it was appellee's "acts and directives" that resulted in him and the children moving to Ohio, and therefore, Ohio may exercise personal jurisdiction over appellee pursuant to R.C.3115.03(E). In support of his position, appellant relies on Sneed v.Sneed, 164 Ohio App.3d 496, 2005-Ohio-6413. We find, however, thatSneed does not render support to appellant.
 {¶ 17} In Sneed, the husband was served with a notice of divorce in Texas, and subsequently argued the Ohio trial court incorrectly found that it had personal jurisdiction *Page 10 
over him pursuant to R.C. 3115.03(E). The wife alleged the husband's continual physical abuse constituted acts and directives that resulted in her and the children moving to Ohio. The trial court heard testimony from the parties' daughter desribing a pattern of physical abuse by the husband that occurred within a few months of the family leaving Texas. The appellate court in Sneed analyzed case law from other jurisdictions and concluded:
 Based upon an analysis of the above case law, it appears that where there is a pattern of abuse or harassment, the resident parent will be considered to have fled as a result of the "acts and directives" of the non residential parent and, as such, personal jurisdiction is appropriate under the UIFSA statute. Additionally, it seems clear that where there is a single incident of abuse or where there is no testimony of specific facts of such abuse, personal jurisdiction is not appropriate under UIFSA.
Id. at 503 (citations omitted).
 {¶ 18} After reviewing the record, the court held that the daughter's testimony describing a pattern of abuse, which continued within a few months of the family moving to Ohio, was sufficient to establish that the husband's "acts and directives" did lead to the wife's decision to bring her children to Ohio where her family resided.
 {¶ 19} Here, while appellant alleges appellee physically abused the children prior to 1993, there is no testimony whatsoever of specific facts to substantiate such allegation. In fact, there is no corroborating testimony or evidence at all. Additionally, this matter concerns physical abuse allegedly occurring prior to 1993, unlike the abuse in Sneed that was found to have occurred within months of the family's relocation. The mere allegation of physical abuse, particularly such so far removed in time from the children's relocation to this state, is insufficient to establish personal jurisdiction under R.C.3115.03(E). Moreover, appellant's relocation was concededly due to his employment. Thus, even if *Page 11 
the allegations of physical abuse were substantiated, we cannot find that Sara resides in Ohio as a result of appellee's acts or directives.
 {¶ 20} Appellant next contends appellee is subject to personal jurisdiction in Ohio pursuant to the doctrine of minimum contacts. Personal jurisdiction over a defendant is premised on that person's minimum contacts with the forum state "such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Internatl. Shoe Co. v. Washington (1945), 326 U.S. 310, 316,66 S. Ct. 154, 158, quoting Milliken v. Meyer (1940), 311 U.S. 457, 463,61 S. Ct. 339, 343. "`The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State * * * [I]t is essential in each case that there be some act by which the defendant purposely avails [him]self of the privilege of conducting activities within the forum State[.]'"Kulko v. California Superior Court (1978), 436 U.S. 84, 93-94,98 S. Ct. 1690, 1698, quoting Hanson v. Denckla (1958), 357 U.S. 235, 253,78 S. Ct. 1228, 1240.
 {¶ 21} R.C. 2307.382, Ohio's long-arm statute, authorizes the exercise of personal jurisdiction over nonresident defendants. Civ.R. 4.3, which is substantially equivalent to R.C. 2307.382,[1] provides for service and determines the "minimum contacts" necessary *Page 12 
to effectuate that jurisdiction. Kvinta v. Kvinta (Feb. 22, 2000), Franklin App. No. 99AP-508, citing Kentucky Oaks Mall Co. v. Mitchell'sFormal Wear, Inc. (1990), 53 Ohio St.3d 73, 75. Civ.R. 4.3 states, in pertinent part:
(A) When service permitted.
 Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 (1) Transacting any business in this state;
 (2) Contracting to supply services or goods in this state;
 (3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state; *Page 13 
 (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person to be served might reasonably have expected the person who was injured to use, consume, or be affected by the goods in this state, provided that the person to be served also regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 (6) Having an interest in, using, or possessing real property in this state;
 (7) Contracting to insure any person, property, or risk located within this state at the time of contracting;
 (8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state;
 (9) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state;
 (10) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, that the person to be served commits or in the commission of which the person to be served is guilty of complicity.
 {¶ 22} According to appellant, appellee satisfies the requirements of the minimum contacts doctrine because when the parties were married, appellee visited the state of Ohio to attend auto races and visit relatives for days at a time. Alternatively, appellant *Page 14 
argues minimum contacts are not essential for personal jurisdiction within the limited context of child support order modifications.
 {¶ 23} Initially, we note that appellee is not subject to personal jurisdiction by virtue of the minimum contacts doctrine, nor does she satisfy any of the criteria of Civ.R. 4.3 or R.C. 2307.382. Appellee has never resided in, nor transacted business in Ohio. Other than traveling to the state of Ohio approximately 30 years ago, there is no evidence that appellee has any contacts with Ohio whatsoever. Therefore, we find that the trial court did not err in finding that Ohio does not have personal jurisdiction over appellee pursuant to the doctrine of minimum contacts, R.C. 2307.382, or Civ.R. 4.3.
 {¶ 24} Appellant asserts in his appellate brief that while the trial court's entry, which states, "[n]one of the circumstances listed in Civil Rule 4.3(A) or R.C. 2307.382 apply to confer personal jurisdiction over plaintiff [appellee]" (Decision and Entry, at 7), may be technically correct, Ohio may still exercise personal jurisdiction over appellee because minimum contacts are not essential for personal jurisdiction within the context of modification of child support orders. In support of his position, appellant relies on Compton v. Compton (June 11, 1999), Greene App. No. 99-CA-17. In Compton, the wife moved to Ohio and sought modification of a child support order. The husband argued that Ohio lacked both personal and subject matter jurisdiction to register the Texas divorce decree or modify the child support award.
 {¶ 25} Compton does not stand, however, for the position advanced by appellant, as the court in Compton was concerned with the trial court's application of the minimum contacts doctrine to confer subject matterjurisdiction over the claim. The Compton court noted that both personal jurisdiction over the parties and subject matter jurisdiction over *Page 15 
the claims are required in order to grant relief, and that while Civ.R. 4.3 operates to create personal jurisdiction in an Ohio court, "the rule may not be construed to extend the subject matter jurisdiction of the court to claims of relief in which it does not otherwise exist." In other words, the doctrine of minimum contacts applies to personal jurisdiction, not to subject matter jurisdiction. Because R.C. 3115.39
creates subject matter jurisdiction in a court with respect to registration of foreign support orders, the court found the trial court erred in vacating its prior order registering the foreign decree pursuant to R.C. 3115.39(B), on finding that the defendant lacked personal contacts with Ohio necessary to register the order in Ohio. Moreover, the court in Compton went on to find that even though personal jurisdiction was obtained over the defendant by service effected pursuant to Civ.R. 4.3(A), such was immaterial because the court lacked subject matter jurisdiction to modify the Texas order. Thus, despite appellant's arguments to the contrary, Compton does not stand for the proposition that minimum contacts are not essential for personal jurisdiction with the context of modification of foreign child support orders.
 {¶ 26} Based on the foregoing, we conclude that the trial court did not err in finding that it did not have personal jurisdiction over appellee. Also, under his first assignment of error, appellant contends the trial court erred in finding that it lacked subject matter jurisdiction. However, because both personal and subject matter jurisdiction are required in order for a court to grant relief, and because we have determined that the trial court did indeed lack personal jurisdiction over appellee to modify the child support order, appellant's remaining arguments and assignments of error are rendered moot and we need not address the same. See Doucet v. Telhio CreditUnion, Inc., Franklin App. No. *Page 16 
05AP-307, 2006-Ohio-4342 (recognizing that we need not address issues made moot by a dispositive issue). See, also, App.R. 12(A)(1)(c).
 {¶ 27} For the foregoing reasons, appellant's first assignment of error is overruled, appellant's remaining five assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is hereby affirmed.
Judgment affirmed.
SADLER, P.J., and KLATT, J., concur.
[1] R.C. 2307.382, provides in pertinent part:
(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting. *Page 1