[Cite as *In re R.D.A.*, 2013-Ohio-935.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 98306

---

## IN RE: R.D.A.
## A Minor Child

[APPEAL BY DAVID A. ALDRIDGE]

---

## JUDGMENT:
REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 11704912

**BEFORE:** Keough, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 14, 2013

**FOR APPELLANT**

David A. Aldridge
4753 Autumn Lane
Brooklyn, Ohio 44144

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Christopher McMonagle
Assistant County Prosecutor
C.J.F.S.
P.O. Box 93923
Cleveland, Ohio 44101

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Appellant, David A. Aldridge, appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Court Division, that overruled Aldridge's objections and adopted the magistrate's decision ordering a California child support order registered in the state of Ohio for enforcement. We reverse.

## I. Background

**{¶2}** On March 14, 2011, Aldridge's ex-wife, Hilda L. Aldridge, filed a notice of registration pursuant to R.C. 3115.42 in the Cuyahoga County Court of Common Pleas, Juvenile Court Division, seeking to register for enforcement a child support order issued by the Los Angeles County Superior Court on January 5, 1993 as part of an order of dissolution of marriage. The order indicated that Aldridge had been served with process in the proceedings on February 8, 1992 at 4080 Pedley Road, #24, Riverside, California.

**{¶3}** Aldridge filed a response contesting the validity and enforcement of the support order pursuant to R.C. 3115.44.[1] Aldridge argued that the order could not be enforced because he had never been served in the California proceedings and, therefore, the issuing court did not have personal jurisdiction over him when it issued the support order. He also argued that the order was obtained by fraud because his ex-wife made various misrepresentations to the court to obtain the order.

---

[1] R.C. 3115.44 states that "A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses: (1) The issuing tribunal lacked personal jurisdiction over the contesting party; (2) The order was obtained by fraud; * * *."

**{¶4}** At the hearing on Aldridge's objections, Aldridge testified that he and Hilda were married in California in 1978 or 1979. They lived together in California with their three children until November 1989, when they separated. Aldridge moved out of the family home and lived with his brother for approximately two weeks, then visited at his parents' house at 4080 Pedley Road, #24, Riverside, California, for a night or two, and then moved to Ohio. Aldridge testified that he never resided at his parents' house.

**{¶5}** Aldridge presented three exhibits at the hearing. Exhibit A, consisting of several pages from an Ohio Bureau of Workers' Compensation document, demonstrated that Aldridge was working in Ohio on October 10, 1990 when he was injured on the job. Exhibit B, a "Certification of Incarceration" from the Ohio Department of Rehabilitation and Correction, demonstrated that Aldridge, Inmate No. A240-249, was incarcerated in the state of Ohio from August 1, 1991 through November 15, 2002. Exhibit C consisted of affidavits from Matthew A. Aldridge, Michael V. Aldridge, and Annmarie Paolino, Aldridge's siblings, all of whom averred that (1) Aldridge moved from California to Ohio on November 9, 1989, (2) Aldridge never lived at their parents' residence at 4080 Pedley Road, #24, Riverside, California, and (3) Aldridge's ex-wife knew that Aldridge never lived at the Pedley Road address, was living in Ohio shortly before he was incarcerated, and was incarcerated in Ohio from August 1991 until November 2002.

**{¶6}** Aldridge testified that he never received notice of the divorce proceedings and was not aware that his wife had filed for divorce; he said he learned about the divorce

only after it was over. Aldridge testified further that he did not learn of the support order until after he was released from prison and started receiving letters "from California" attempting to collect the obligation. Aldridge said that he contacted "them" and was told that they would "adjust" the amount that was owed. Aldridge said he heard nothing more, the letters "just stopped," and the matter "went away" until he received notice from the juvenile court regarding the enforcement petition that had been filed.

{¶7} At the close of the hearing, the magistrate told the parties that "service probably was not good on the father when the divorce happened," but instructed the parties to brief the issue of what Aldridge's obligations relating to the child support order were once he learned of the order.

{¶8} In his brief, Aldridge argued that the California judgment could not be enforced because he was never properly served. In its brief, the State conceded that Aldridge had not been properly served:

> The evidence from the previously held hearing establishes that at the time of the divorce, service was attempted on the respondent at an address that later turned out to be his parents' address. The respondent was incarcerated in Ohio at the time, and service was not attempted at the prison. *It seems clear that service on the respondent was not actually obtained at the time of the divorce decree and child support order.* (Emphasis added.)

Nevertheless, the State argued that Aldridge had waived the defense of lack of personal jurisdiction because after he was released from prison and learned of the support order, he did nothing to challenge it.

{¶9} The magistrate subsequently entered an order confirming registration of the support order. With respect to jurisdiction, the order stated that "[a]fter reviewing all of the evidence, the court does not find that the issuing tribual lacked personal jurisdiction over the contesting party."

{¶10} Aldridge filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision that confirmed registration of the support order for enforcement.

## II. Analysis

{¶11} In his first and second assignments of error, Aldridge contends that the trial court erred in overruling his objections to the magistrate's decision and in confirming the support order for enforcement in Ohio because the California court lacked personal jurisdiction over him when it entered the order. We agree.

{¶12} The Uniform Interstate Family Support Act ("UIFSA"), codified in Ohio at R.C. 3115.01 et seq., permits states that issue child support orders to request other states to enforce the order against a resident of the responding state when both states have adopted the UIFSA. *Beam v. Beam*, 2d Dist. No. 02-CA-1573, 2002-Ohio-2910, ¶ 10. California and Ohio have both adopted the Act.

{¶13} To be entitled to registration and enforcement, the foreign judgment must have been rendered by a court having jurisdiction over the parties. *In re Donovan Kilburn*, 2d Dist. No. 20993, 2006-Ohio-991, ¶ 14, citing *Emig v. Massau*, 140 Ohio

App.3d 119, 123, 746 N.E.2d 707 (10th Dist.2000). R.C. 3115.44(A)(1) allows a party to contest enforcement of a support order upon a claim of lack of personal jurisdiction. The burden of proving such a claim is on the contesting party. R.C. 3115.44(B).

{¶14} "It is axiomatic that for a court to acquire jurisdiction there must be proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 133 N.E.2d 606 (1956); *see also Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 366-367, 2000-Ohio-452, 721 N.E.2d 40 (a judgment rendered without personal jurisdiction over a defendant is void ab initio); *Am. Family Ins. Co. v. Williams*, 8th Dist. No. 93658, 2010-Ohio-1672, ¶ 13.

{¶15} Here, it is abundantly clear that Aldridge met his burden of demonstrating that the Los Angeles County Superior Court lacked personal jurisdiction over him when it entered the support order. The evidence at the hearing clearly demonstrated that Aldridge was incarcerated in Ohio when the complaint for dissolution was served in California at an address where he never resided. As both the magistrate and the State conceded, Aldridge was never properly served in the California matter.

{¶16} Moreover, the evidence is clear that Aldridge never voluntarily submitted to the California court's jurisdiction. He never filed a responsive pleading in the matter, nor engaged in any other action that indicated his actual or constructive knowledge of the proceedings and his waiver of personal jurisdiction. In fact, Aldridge testified that he

was not aware that his then-wife had filed for dissolution of the marriage, and the judgment from the California court indicates that the dissolution and support order were granted by default.

{¶17} We are astounded by the State's assertion that Aldridge somehow waived the lack of personal jurisdiction because he contacted authorities in California to discuss the support order after he learned of its issuance but otherwise made no effort to challenge it prior to disputing the registration and enforcement action. It is axiomatic that a party's actions subsequent to the entry of a void judgment against that party cannot waive the trial court's lack of personal jurisdiction over that party. Furthermore, the State's contention that a trial court may enter a void judgment against a party who was never properly served, and that the party is then bound by the void judgment unless he actively contests the judgment, is contrary to the most basic principles of due process in our judicial system.

{¶18} Because Aldridge was never properly served in the California matter and did not waive insufficiency of process, the Los Angeles County Superior Court lacked jurisdiction to enter judgment against him. The support order is therefore void and cannot be registered nor enforced in Ohio. The first and second assignments of error are sustained.

{¶19} In his third assignment of error, Aldridge asserts that the support order cannot be registered nor enforced in Ohio because it was obtained by fraud.

Specifically, Aldridge contends that his ex-wife misrepresented to the California court that he lived at the Pedley Road address and could be served there, even though she knew he never lived there and was, in fact, incarcerated in Ohio. This assignment of error is moot in light of our resolution of the first two assignments of error.

{¶20} The trial court's judgment overruling Aldridge's objections to the magistrate's decision and ordering the support order registered for enforcement in Ohio is reversed.

It is, therefore, considered that said appellant recover of said appellee his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR